## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **BOBBIE JO SCHOLZ**<br><br>**PLAINTIFF**<br><br><br>**v.**<br><br><br>**UNITED STATES OF AMERICA**<br><br>**DEFENDANT** | **CIVIL COMPLAINT**<br><br>Case No. _____ |

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, Bobbie Jo Scholz ("Scholz") by counsel, for her Complaint against the

Defendant, United States of America, states as follows:

### INTRODUCTION

1.  This is an action against the Defendant United States of America under the Federal

Tort Claims Act, (28 U.S.C. Sec. 2671, *et.seq.)* and 28 U.S.C. Sec. 1346(b)(1), for negligence

and professional malpractice in connection with medical care provided to Plaintiff Scholz by the

Department of Veterans Affairs at the Tomah Veterans Affairs Medical Center, the Zablocki

Veterans Affairs Medical Center, and outpatient programs.

2.   The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. Sec. 2671, *et. Seq.)* and 28 U.S.C. Sec. 1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3.   Plaintiff Scholz has fully complied with the provisions of 28 U.S.C. Sec. 2675 of the Federal Tort Claims. *Standard Form 95 dated September 9, 2013 and  Standard Form 95 dated March 7, 2015 attached as Exhibit 1 and Exhibit 2.  Notice of Amendment of Federal Tort Claim dated March 7, 2015 attached as Exhibit 3 and Correspondence explaining relationship of claims dated June 5, 2015 attached as Exhibit 4.*

4.   Plaintiff Scholz timely filed Notice of Reconsideration with the Department of Department of Veterans Affairs after local denial of her claims. (*Administrative Denial dated April 2, 2014, Request for Reconsideration dated September 26, 2014 and acceptance of Reconsideration Appeal attached as Exhibit 5;   Administrative Denial dated September 8, 2015, Request for Reconsideration dated October 3, 2015 and acceptance of Reconsideration dated October 15, 2015 attached as Exhibit 6.*

5.   Plaintiff  Scholz is now filing this Complaint pursuant to 28 U.S.C. Sec. 2401(b) after receiving the Department of Veterans Affairs' February 18, 2016 notice of "final denial of administrative claims". *Finial Denial of Administrative Tort Claims dated February 18, 2016 attached as Exhibit 7.*

2

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff Scholz is, and at all times relevant hereto, was a resident of Brown County in the State of Wisconsin.

7. Defendant United States of America, through its agency, the Department of Veterans Affairs, operates and supervises the Veterans Affairs Medical Center located in Tomah, Wisconsin, the Zablocki Medical Center located in Milwaukee, Wisconsin, outpatient clinics, and supervisory programs.

8. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Tomah Veterans Affairs Medical Center, Zablocki Veterans Affairs Medical Center, outpatient programs, and supervisory programs are hereinafter collectively referred to as " VAMC".

9. At all times relevant to this Complaint, the VAMC held themselves out to the Plaintiff Scholz and eligible beneficiaries, as a provider of high quality care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10. At all times relevant to this Complaint, VAMC directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

11. Jurisdiction is proper under 28 U.S.C. Sec. 1346(b)(1).

12. Venue is proper under 28 U.S. C. Sec. 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Eastern District of Wisconsin.

3

## FACTUAL ALLEGATIONS

13. Scholz served in the U.S. army with a tour of duty in Iraq from 2006 to 2008.

14. After discharge, Scholz suffered chronic pain, required surgery for an ankle injury suffered in Iraq, and was diagnosed with Post Traumatic Stress Syndrome by the VAMC.

15.. Scholz was treated for mental health related issues at the Tomah VAMC and hospitalized from January 10 to February 9, 2011 and March 3 to March 31, 2011.

16. At Scholz' March 31, 2011 Tomah VAMC discharge, she was prescribed fourteen medications and placed on daily outpatient home health monitoring.

17. Throughout the remainder of 2011 and early 2012, Tomah VAMC nurses monitored Scholz' continuing and worsening mental health symptoms that included trouble focusing, loss of motivation, loss of interest in daily activities, high level of depression, decrease in cognitive status, loss of interest in activities, on-going confusion and anxiety, inability to concentrate with even simple daily tasks, and severe symptoms interfering with her ability to function and maintain independence in the community.

18. On December 14, 2011 health care providers at the Zablocki VAMC verified that Scholz was now taking 16 active medications and despite her diminished mental status obtained Scholz' signature on a consent form for bilateral breast reduction surgery.

19. On December 22, 2011, a psychological assessment performed at the Zablocki VAMC confirmed Scholz' high level of anxiety, post traumatic stress symptoms, and significant functional and cognitive deficiencies.

4

20. Bilateral reduction surgery was performed on Scholz at the Zablocki VAMC on January 6, 2012 and contrary to hospital policy no informed consent was obtained by the operating surgeons from Scholz prior to the surgery.

21. Scholz' medications and mental health status were not considered by the Zablocki VAMC surgeons prior to Scholz' surgery, and no assessment of Scholz' mental status was done on the day of surgery or at any time prior to her discharge.

22. Scholz was prescribed additional pain medication by the Zablocki VAMC and discharged on January 7, 2012 in an unstable condition to her apartment in Green Bay where she lived alone and without home health providers.

23. After returning home, Scholz continued to contact the Tomah VAMC with complaints of increasing pain, and was advised to continue taking her Tomah medication.

24. On January 25, 2012, the Tomah VAMC abruptly discharged Scholz from its mental health program.

25. Scholz' surgical complications required the removal of both breast nipples at the Zablocki VAMC on January 25, 2012 and persistent painful open wounds thereafter were diagnosed as staph infection on May 9, 2012.

26. In May 2012 Scholz was readmitted to the Zablocki VAMC for additional breast treatment and suffered a nervous breakdown; four additional corrective breast surgeries were performed at the Zablocki VAMC over the course of two years (May 2012 to April 2014) with on-going monitoring thereafter.

27. Zablocki VAMC surgeons diagnosed the cause of Scholz' failed beast surgery as "self mutilation" by Scholz.

## TOMAH VAMC INVESTIGATION

28. Unknown to the public and Scholz, the Department of Veterans Affairs had notice of substandard mental health treatment at the Tomah VAMC during the period of 2007 to 2015 but failed to intervene or correct on-going substandard mental health treatment.

29. On March 11, 2011 (during Scholz' second in-patient Tomah hospitalization) the Department of Veterans Affairs received an anonymous complaint alleging problems with the drug prescription practices at the Tomah VAMC and resulting patient harm.

30. Additional allegations and complaints concerning Tomah VAMC's mental health treatment and prescription practices were received in 2011 and 2012 and secretly investigated by the Department of Veterans Affairs central office, VISN 12, and Office of Inspector General.

31. The secret Department of Veterans Affairs investigations commenced in 2011 included review of hundreds of Tomah patient records and concluded on August 29, 2014.

32. On August 30, 2014 a veteran who was treated with Scholz at the Tomah VAMC inpatient program in 2011 died as a result of mixed drug toxicity.

33. On February 6, 2015 the Office of Inspector General finally published its prior investigation of the Tomah VAMC and a Department of Veterans Affairs internal review of the Tomah VAMC conducted from January to March 10, 2015 verified unsafe clinical practices in the areas of pain management and psychiatric care resulting in patient harm from prescription practices and the failure to change treatment plans in the face of aberrant patient behavior. *Interim Department of Veterans Affairs Report dated March 10, 2015 attached as Exhibit 8.*

34. The public outcry that followed led to a Senate investigation of the Tomah VAMC.

6

35. On May 31, 2016 the Committee on Homeland Security and Government Affairs United States Senate publicly released its 16 month investigation in a report titled "The Systemic Failures and Preventable Tragedies at the Tomah VA Medical Center". *Media Notice of Homeland Security and Governmental Affairs Report attached as Exhibit 9.*

36. On September 9, 2013 Plaintiff requested a copy of all her VAMC records from the Defendant but did not receive any Tomah VAMC records in response to this request.

37. The Defendant did not provide Plaintiff with copies of her Tomah VAMC records until April 2015.

## **CAUSES OF ACTION**

### **COUNT 1---NEGLIGENCE**

38. Plaintiff Scholz realleges and reincorporates each and every allegation above as if fully set forth herein.

39. The Defendant had a duty to provide ordinary and reasonable care, and to exercise that standard of care and skill required of reasonable health care providers, consistent with the expertise that the Defendant presented to the community at large.

40. The Defendant breached it duty of care to Plaintiff Scholz.

41. At all times relevant to this Complaint, the Defendant had a duty to have competent operators, administrators, employees, agents and staff in order to meet its standards of quality care for its patients, including Scholz. The Defendant knew, or should have known, that the medical staff of its facilities were not properly trained, and/or supervised, in a manner necessary to provide a level of care to Plaintiff Scholz that met all applicable legal requirements and the standard and degree of care and skill required of reasonable competent health care providers, and consistent with the expertise that the Defendant presented to the community at large.

7

42. The Defendant breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and staff.

43. The Defendant had a duty to supervise and retain only competent and adequately trained operators, administrators, employees, agents and staff and to correct all defective care in order to meet the required standard of care of quality care for its patients, including Scholz.

44. The Defendant breached its duty by negligently supervising and retaining incompetent, inexperienced, unqualified and/or inadequately trained or supervised operators, administrators, employees, agents and staff and failing to take timely corrective action.

45. The Defendant had a duty to provide patient treatment records and notice of deficiencies in patient care at the Tomah VAMC to all other treatment facilities and to patients.

46. The Defendant breached its duty by negligently failing to ensure that patient treatment records and deficiencies in care were timely communicated to all VAMC health care providers and to the Plaintiff.

47. As a direct and proximate cause of Defendant's negligence, Scholz sustained serious and permanent physical and mental injuries, has incurred medical expenses and other damages, and will continue to incur medical expenses and other damages in the future; was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future, has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future, and the ability to secure employment and wages.

48. The acts and/or omissions set forth above would constitute claims for medical negligence and lack of informed consent under the law of the State of Wisconsin.

49. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

8

## COUNT II-VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

50.  Plaintiff Scholz realleges and reincorporates each and every allegation above as if fully set forth herein.

51.  At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.

52.  At all times relevant to this case, the directors, officers, operators, administrators, employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

53.  The directors, officers, operators, administrators, employees, agents and staff negligently and/or recklessly, including both acts of omission and acts of commission, directly and proximately caused personal injury to Scholz,

54.  As a direct and proximate result of Defendant's negligence, Scholz sustained serious and permanent personal injuries in and about her body, has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; she was forced to endure pain, suffering, and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future, has suffered a loss of enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future, and lost the opportunity for gainful employment.

55.  The acts and /or omissions set forth above would constitute a claim under the law of the State of Wisconsin.

56.  The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

9

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bobbie Jo Scholz, does hereby pray that judgment be entered in her favor and against the Defendant as follows:

1)   Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life totaling  $2,500,000; and

2)   Costs and attorney fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Respectfully Submitted,

s/ Mary L. Woehrer
State Bar # 1019138
Woehrer Law Office
8145 W. Wisconsin Avenue
Wauwatosa, WI.  53213
Phone:  414 774 2756
Fax:  414 774 6133
Email:  Mwoehrer@sbcglobal.net