# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BOBBIE JO SCHOLZ,**

        Plaintiff,

        v.                                 Case No. 16-CV-1052

**UNITED STATES OF AMERICA,**

        Defendant.

## DECISION AND ORDER

On March 6, 2018, Bobbie Jo Scholz filed a motion to compel.[1] (ECF No. 22.) Scholz seeks an Order compelling Defendant to answer:

> l. Plaintiff's First Request for Production of Documents Questions 20-29;
> 2. Plaintiff's First Request for Admissions, Questions 114 through 123, 125, and Questions 129 through 148;
> 3. Plaintiff's Second Request for Production of Documents Questions 3 & 4;
> 4. All documents subpoenaed on February 1, 2018;

---

[1] Scholz states she brings the motion "[p]ursuant to Federal Rules of Civil Procedure and Local Rules 37.1 and 37.2." (ECF No. 22 at 1.) There are no such Local Rules. The court has not had a Civil Local Rule 37.1 since 2010. And the court does not recall ever having a Civil Local Rule 37.2. Similarly, Scholz filed a motion for leave to file an amended complaint and cited "Local Rule 7.1" as a basis. (ECF No. 26 at 1.) That local rule relates to a party's disclosure statement and has no relevance to a motion to amend. If Scholz's attorney is perhaps relying on superseded local rules or the rules of another district, the court refers counsel to the court's website, http://www.wied.uscourts.gov/local-rules-and-orders, where the court's current local rules may be found.

> 5. All records identified by Ms. Brahm during her recent deposition;
> 6. Pharmacy records of medication interactions–kept in the pharmacy computer program at the Tomah VAMC;
> 7. VA police records of incidents–kept in Tomah VAMC police department;
> 8. Records of the Senate Investigation with all testimony- on a CD kept at the Tomah VAMC and in VISN office; and
> 9. All computer pharmacy warnings and medication alerts from Plaintiff's treatment that were not produced in Defendant's May 2017 disclosures.

(ECF No. 22 at 16.) At Scholz's request, the court gave her an opportunity to supplement her motion to compel. (ECF No. 32.) Scholz did so. (ECF No. 34.) However, Scholz's supplement almost exclusively addresses a different issue: whether Noelle Johnson may testify as an expert witness. She even asks that the court "issue a protective order for Dr. Johnson's unfettered expert testimony at the trial of this case." (ECF No. 34 at 6.) But that request was not included in her initial motion, and it is improper to raise it in a supplemental brief. The court finds that the supplement does not materially impact Scholz's motion to compel.

**Factual Background**

According to her complaint, Bobbie Jo Scholz served in the United States Army from 2006 to 2008. (ECF No. 1, ¶ 13.) After discharge she was treated for mental health related issues at the Tomah, Wisconsin Veterans Affairs Medical Center (Tomah VAMC) and hospitalized there from January 10 to February 9, 2011, and from March 3 to March 31, 2011. (ECF No. 1, ¶¶ 14-15.) Upon her discharge from inpatient care at the Tomah

2

VAMC on March 31, 2011, she was prescribed 14 medications and placed on daily outpatient home health monitoring. (ECF No. 1, ¶ 16.) Her complaint further states:

> Throughout the remainder of 2011 and early 2012, Tomah VAMC nurses monitored Scholz' continuing and worsening mental health symptoms that included trouble focusing, loss of motivation, loss of interest in daily activities, high level of depression, decrease in cognitive status, loss of interest in activities, on-going confusion and anxiety, inability to concentrate with even simple daily tasks, and severe symptoms interfering with her ability to function and maintain independence in the community.
>
> On December 14, 2011 health care providers at the Zablocki VAMC verified that Scholz was now taking 16 active medications and despite her diminished mental status obtained Scholz' signature on a consent form for bilateral breast reduction surgery.
>
> On December 22, 2011, a psychological assessment performed at the Zablocki VAMC confirmed Scholz' high level of anxiety, post traumatic stress symptoms, and significant functional and cognitive deficiencies.

(ECF No. 1, ¶¶ 17-19.)

Scholz underwent elective breast reduction surgery at the Zablocki VA Medical Center (Zablocki VAMC) in Milwaukee on January 6, 2012. (ECF No. 1, ¶ 20.) Scholz alleges that, contrary to hospital policy, the operating surgeons did not receive her informed consent prior to the surgery. (ECF No. 1, ¶ 20.) Scholz's medications and mental health status allegedly were not considered by the Zablocki VAMC surgeons prior to Scholz's surgery. (ECF No. 1, ¶ 21.)

Following surgery, Scholz suffered from persistent painful open wounds that were subsequently diagnosed as staph infections. (ECF No. 1, ¶ 25.) These and other

complications resulting from the surgery led to four additional surgeries over the next two years. (ECF No. 1, ¶ 26.)

**First Requests for Production**

In her reply in support of her motion to compel, Scholz withdrew her request for the court's review of Request Nos. 22, 23, and 25 in her First Request for Production of Documents. (ECF No. 25 at 2.) The remaining disputed requests for production are:

> 20. All documents of investigations of the Tomah VAMC and/or any of its employees conducted by or at the direction of the Department of Veterans Affairs from 2007 to the present.
>
> 21. All documents reviewed by and/or created by Victoria Brahm regarding investigation of the Tomah VAMC from December 2010 to the present.
>
> 24. All documents of complaints made against the Tomah VAMC and/or any of its employees or agents from December 2010 to the present.
>
> 26. All documents of the Department of Veterans Affairs Disciplinary Appeals Board investigation, records and transcripts of the April 11-15, 2016 hearing concerning Dr. David Houlihan.
>
> 27. Documents of the Department of Veterans Affairs Disciplinary Appeals Board decision dated January 20, 2016 concerning Dr. David Houlihan.
>
> 28. Documents of the Final Administrative Action decision by Principal Deputy Undersecretary for Health dated August 29, 2016 confirming and executing the Department of Veterans Affairs disciplinary appeals board decision concerning Dr. David Houlihan.

4

> 29. All documents of investigations conducted of other Department of Veterans Affairs health care providers other than Dr. David Houlihan who provided medical treatment to the Plaintiff.

(ECF No. 22-2 at 4-6.)

Request Nos. 20, 21, 24, 26, and 29 refer to "investigations" and "complaints." Yet neither of these terms is defined. The defendant and the court are left to guess as to the scope of the requests. As written, Request No. 24 (unlimited as to the nature of complaints it covers) is likely monumental in scope and grossly disproportionate to the needs of the case. Over the more than a decade covered in Request No. 20 (and eight years covered by Request No. 24), there were surely hundreds of employees at the Tomah VAMC. And the court cannot begin to speculate how many "agents" the Tomah VAMC had during the relevant time period. Scholz asks the United States to review and produce documents associated with every single person.

Every negative comment received by the Tomah VAMC on every conceivable topic is arguably a "complaint" within the scope of Request No. 24. Without being more specifically defined, a "complaint" would presumably include every occasion when a patient reported that his room was too cold or that someone hurt him trying to start an IV, or the innumerable little things that are surely reported and documented in a medical institution every day. All would fall within the scope of Scholz's Request No. 24.

"Investigation" is similarly expansive. Request No. 20 would surely include a wide variety of documents, ranging from the maintenance staff's work-order regarding its efforts to determine why a patient's room is too cold to an email asking housekeeping to check to see if the bathroom needs cleaning.

The court will give Scholz's attorney the benefit of the doubt and assume that she did not actually intend her requests to be so expansive. But it is Scholz's responsibility to craft an appropriate request, limited in scope so as to be "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b). Having failed to do so, Scholz's motion to compel will be denied with respect to Request Nos. 20 and 24.

Request No. 21 is narrower but still hopelessly overbroad, in part because of its lack of definition of "investigation." Brahm was the Director of the Tomah VAMC during the time period covered by the request. Like any executive of a large institution, Brahm was surely routinely called upon to undertake tasks that might be broadly characterized as an "investigation of the Tomah VAMC." (*See* ECF No. 23 at 7.) A request for all documents Brahm reviewed or prepared as part of an "investigation of the Tomah VAMC" since 2010 could be reasonably read as asking for a huge proportion of the documents she encountered in her role as Director, covering myriad and mundane topics. Therefore, Scholz's motion to compel will also be denied with respect to Request No. 21.

The court will also deny Scholz's Request Nos. 27 and 28. The United States answered Request No. 27 by noting that it does not have any such documents; there was no January 20, 2016 decision regarding Dr. David Houlihan. And it provided the documents responsive to Request No. 28. In her initial brief Scholz did not specifically explain why she regarded the United States' answer as insufficient, necessitating a motion to compel. In reply Scholz says only,

> Plaintiff has no way of knowing if all evidence in response to these questions has been provided. Given Defendant's failure to even look for most of the discovery, coupled with Defendant's recent untimely production of Plaintiff's plastic surgery records and failure to produce Tomah VAMC computer pharmacy records, Plaintiff requests this Court to include a directive in its Order that Defendant conduct a search and confirm that all responsive records have been produced.

(ECF No. 25 at 6.) No basis exists for entering any such "directive" and the court finds that this part of Scholz's motion to compel merits no further discussion.

Finally, the court will deny Scholz's motion to compel with respect to Request No. 26. The United States argues that, following the court's decision dismissing Scholz's claims of negligent supervision, hiring, or retention, *Scholz v. United States*, No. 16-CV-1052, 2017 U.S. Dist. LEXIS 10951 (E.D. Wis. Jan. 25, 2017), Request No. 26 does not relate to Scholz's care and, therefore, is not relevant. Scholz's arguments in reply confirm that this request seeks to documents that relate not to her care but rather to alleged deficiencies regarding other patients. (ECF No. 25 at 5.) Consequently, they are not relevant and are not discoverable.

7

**Requests to Admit**

The United States asserts (and Scholz does not dispute) that the particular Requests to Admit that are in dispute in this motion to compel track language contained in a Senate committee report on the Tomah VAMC, sometimes verbatim. (ECF No. 23.) "In effect, the plaintiff is seeking to have the defendant admit the truthfulness of this United States Senate Committee's report." (ECF No. 23 at 13.) The United States argues that Scholz's requests are not proper requests to admit, are not relevant to the alleged medical malpractice claims at issue in this case, and would require the defendant to undertake an investigation necessary to respond to the requests that would be disproportionate to the needs of the case. (ECF No. 23 at 14-16.)

In her initial brief Scholz provides minimal argument as to in what way the defendant's responses to these particular requests were insufficient. (ECF No. 22 at 8-9.) Scholz's challenge focuses on the United States' response: "The Plaintiff seeks information known by the Veterans Affairs Office of Inspector General ('VA OIG')," which the United States contends is wholly independent from the VA. (ECF No. 22 at 9; *see also* 22-9 at 23-24 (citing Inspector General Act of 1978, 5 U.S.C. App. 3 § 1, *et seq.* (IGA)).)[2] Scholz argues that the defendant's response is "disingenuous" and contends, without citation or reference to any authority, that "[t]he Office of the Inspector General

---

[2] Scholz's motion encompasses requests 143 and 147, to which the United States did not respond that the information was known to the OIG. Scholz does not specifically argue why the United States' responses to these requests were insufficient and therefore the court will not consider them further.

8

works closely with the Department of Veterans Affairs management, routinely shares information, and publicizes its findings to the public." (ECF No. 22 at 9.) In her reply, Scholz argues that the requests are proper because "[a] simple phone call to Tomah VAMC director Victoria Brahm or other VA investigators would prove the veracity of each request and identify with specificity the associated documents and their location." (ECF No. 25 at 10.)

The parties address the dozens of Requests to Admit at issue only generally and collectively, and so the court likewise will not address each individually.

The court finds that Scholz's requests are inappropriate. Rule 36 requires an answering party to make a "reasonable inquiry" with respect to information it "can readily obtain." Fed. R. Civ. P. 36(a)(4). The court disagrees that Scholz's requests to admit are likely to be resolved with "[a] simple phone call." Rather, as highlighted by the United States (ECF No. 23 at 15), complete responses are likely to involve extraordinary investigation. Simply because some VA employees may have been aware of, and some even participated in, the Senate investigation does not mean that the defendant knows the veracity of each point set forth in the investigative report.

This distinction is exemplified by the deposition testimony of Victoria P. Brahm. Scholz contends, "During her deposition, Brahm admitted to having knowledge of the facts contained in the report, the same facts Defendant refuses to admit." (ECF No. 25 at 9.) But what Brahm actually "admitted" was merely that the report said what it said.

(ECF No. 22-14 at 9-13.) Brahm frequently indicated that, although the report made a particular point, she lacked personal knowledge of that point. (*See, e.g.*, ECF No. 22-14 at 9 ("That's what it says. I have not seen that." "So it states.… I didn't see any of these complaints.").)

Moreover, the court finds that the Requests to Admit are generally not relevant to Scholz's malpractice claim. To the extent there is any relevance, it is minimal and the burden of investigation disproportionate to the needs of the case. Therefore, the court will deny Scholz's motion to compel with respect to her Requests to Admit.

**Second Requests for Production**

With respect to Scholz's Second Request for Production of Documents, the United States objects to Request Nos. 3 and 4. Request No. 3 seeks:

> 3. Copies of all employment personnel records of the following Department of Veterans Affairs employees at the Tomah VAMC:
>
> > a. Gail Vegter PA
> > b. Alison Monson NP
> > c. Debra Frasher NP
> > d. Stephen Haugen PA
> > e. David Houlihan M.D.
> > f. Skripka M.D.
> > g. Denise Carter PA

The United States reports that it has reviewed the personnel files identified in Request No. 3 and determined that none contains any record related to Scholz's care. (ECF No. 23 at 16-17.) It contends that the personnel files are therefore irrelevant.

Request No. 4 seeks:

10

> Copies of all disciplinary actions and warnings issued by the Department of Veterans Affairs at any time against any of the individuals involved in the treatment of the Plaintiff at the Tomah VAMC.

As to this request, the United States responded:

> The Defendant objects to this request. In order to respond to plaintiff's request, the Department of Veterans Affairs would have to research each and every employee who provided any type of medical care to the plaintiff from 2011 to the present. This request is overbroad and unduly burdensome in view of the fact that the alleged malpractice at the Tomah VAMC occurred for a discrete period of time in which the plaintiff was hospitalized twice in 2011. This request is not proportional to the claims of medical malpractice. If plaintiff narrows the scope of her request by identifying specific employees and dates, the defendant will search for relevant records.

(ECF No. 22-10 at 3.)

In her motion to compel Scholz calls the defendant's response to Request No. 4 "factually incorrect." (ECF No. 22 at 10.) She contends, "The time period of the Tomah treatment is a limited period of January 2011 to January 2012 and the names of the employees at issue were listed in question No. 3." (ECF No. 22 at 10.) But a plain reading of Request No. 4 reveals that Scholz is the one who is "factually incorrect." Scholz's request is just as broad as the United States reads it to be: it seeks "all disciplinary actions and warnings issued by the Department of Veterans Affairs *at any time*." (Emphasis added.) Thus, if an "individual involved in the treatment of the Plaintiff at the Tomah VAMC" was ever disciplined or warned for anything, at any time, documents related to such discipline or warning are covered by Request No. 4. Nor is

11

Request No. 4 limited to the individuals identified in Request No. 3, even if that may have been Scholz's intent.

Scholz argues, baldly and without citation to any authority, that "Defendant's refusal to produce the records is without merit. Plaintiff has a right to evidence of all deficient conduct and disciplinary actions and warnings issued to her treatment providers." (ECF No. 25 at 7.) Of course, Scholz does *not* have a right to evidence of all deficient conduct and disciplinary actions and warnings issued to her treatment providers. "All disciplinary actions and warnings" as sought in Request No. 4 would seemingly include instances where Tomah VAMC employees were disciplined for being late for work, rude to patients, for dressing inappropriately, or for violating any number of rules completely unrelated to the quality of the care provided to patients. Scholz makes no attempt to explain how such documents are relevant to this case, and yet the requests at issue would require their production.

Moreover, an employee's personnel file, requested in Request No. 3, contains far more than "evidence of … deficient conduct and disciplinary actions and warnings." It would include the employee's "beneficiary designations for Thrift Savings Plans, Federal Employees' Group Life Insurance Program documents, Federal Employee Health Benefits documents, Notification of Personnel Action documents relating to salary increases, performance reviews, and applications for employment at the VA." (ECF No. 23 at 16-17.) Scholz offers no suggestion that such documents might be

12

relevant, and yet they all would be in the employees' personnel files. This is just one way in which Request No. 3 is overbroad. Even if limited to all disciplinary records related to the quality of care provided to patients, the requests are overbroad. Records unrelated to Scholz are not relevant to the issue in this case—whether Scholz's care fell below the accepted standard.

If the overbreadth of the requests was merely a consequence of poor drafting, it highlights the need for parties to meet and confer before resorting to a motion to compel. The United States notes that it provided its responses on January 25, 2018, which was after the January 10, 2018 telephone conversation that Scholz points to as the required meet-and-confer. Thus, Scholz failed to comply with Civil Local Rule 37.

For all of these reasons, the court will deny Scholz's motion to compel "complete answers" in response to her Second Request for Production of Documents.

**Computer Pharmacy Warnings and Medication Alerts**

There are significant questions as to whether Scholz ever requested any additional pharmacy records and whether Scholz complied with her meet-and-confer obligations before seeking these records by way of a motion to compel. (*See* ECF No. 23 at 28-29.) "Nonetheless, government counsel has requested these records from the Tomah VAMC and upon receipt will provide them to plaintiff's counsel." (ECF No. 23 at 29.) Therefore, this aspect of Scholz's motion to compel is moot.

13

**Other Records**

As for the remaining documents addressed in Scholz's motion to compel, the court will deny the motion to compel. Scholz has not complied with her obligations under Civil Local Rule 37 before filing the motion to compel. In fact, it appears that, at least with respect to some, she has not yet even made a formal discovery demand. (ECF No. 23 at 3.)

**Conclusion**

For the reasons set forth above, the court will deny Scholz's motion to compel (ECF No. 22) in its entirety. Having denied the motion, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The United States has not specifically requested that the court order Scholz or her attorney pay its reasonable expenses, including attorney's fees, incurred as a result of the motion to compel. Therefore the court does not now address the issue. If the United States seeks its reasonable expenses, it must within seven days of this order file a motion seeking such expenses.

**IT IS THEREFORE ORDERED** that Bobbie Jo Scholz's motion to compel (ECF No. 22) is **denied**.

Dated at Milwaukee, Wisconsin this 7th day of June, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge