UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Bobbie Jo Scholz
    *Plaintiff,*

V.                                                Case No. 16-CV-1052

United States of America,

    *Defendant.*

PLAINTIFF'S MOTION TO RECUSE MAGISTRATE JUDGE DUFFIN

    Pursuant to 28 USC § 455 (a) and (b), Plaintiff, Bobbie Jo Scholz, by and through her undersigned counsel, submits this Motion to Recuse Judge Duffin for the trial of this case. The reason for this request is that one of plaintiff's treatment providers at the Department of Veterans Affairs is Dr. John Duffin, the brother of Judge Duffin. Plaintiff intends to call Dr. John Duffin to testify at the trial. Since this action is under the tort claims act, the case will be tried to a judge without a jury. Due to this dilemma, the Plaintiff is now required to file this Motion in an abundance of caution to ensure that an impartial judge meeting the mandates of federal law will preside over the trial.

    The recusal rules set forth in 28 USC § 455 (a) and (b) have been followed in the Eastern District of Wisconsin. In the case *Avery v. Manitowoc County et. al.* Case No. 04-C-986, Judge William C. Griesbach recused himself as presiding judge after he learned that his brother was deposed in the case and it appeared possible that he could be called to testify at trial. Given that possibility and to avoid the appearance of impropriety, Judge Griesbach recused himself even though he had presided over pre-trial matters in the case. Case 1:04-cv-00986-LA, Docket 43.

1

In support of this motion, plaintiff further states as follows:

## INTRODUCTION

The case at bar involves medical malpractice tort claims arising from treatment provided by the Department of Veterans Affairs. Docket 1. Defendant was granted summary judgment on claims for mental health treatment by the Tomah VAMC on the basis of statute of limitations on May 30, 2019. Docket 116, 120. Plaintiff's remaining claims for trial arise from negligent treatment and failure to obtain informed consent for elective breast surgery, a surgery that was contraindicated given plaintiff's medical history, unstable mental health and physical conditions.

Defendant disputes critical aspects of plaintiff's case concerning her condition and treatment and has raised <u>contributory negligence</u> as a defense in this case. Docket 14, Docket 22-10. At trial, Plaintiff intends to call Dr. John Duffin, a psychologist employed by the Department of Veterans Affairs who treated the Plaintiff, and other treatment providers as necessary witnesses to dispute Defendant's claims and to provide testimony concerning the severity of Plaintiff's mental condition. treatment, and employment status.

When Plaintiff consented to Magistrate Judge Duffin after filing this complaint in August 2016, Plaintiff was not aware that Judge Duffin's brother was employed by the Department of Veterans Affairs and had provided treatment to the plaintiff. During Plaintiff's motion to compel discovery in 2018, plaintiff included medical evidence from VA providers including Dr. John Duffin. In reviewing this motion, Judge Duffin recognized that one of plaintiff's Department of Veteran's affairs mental health providers was his brother, Dr. John Duffin. In a conference call to counsel on May 17, 2018, Judge Duffin disclosed his familial relationship with Dr. Duffin but did not recuse himself from the case. Docket 32.

Discovery was completed in August 2018 and Daubert and summary judgment motions have been completed. Docket 32, Docket 116, Docket 120. Mediation was ordered and completed on November 18, 2019 but the parties have been unsuccessful in reaching settlement and trial is necessary. Docket 122, 123,124, 131.

**PLAINTIFF'S MOTION FOR RECUSAL IS TIMELY**

Plaintiff's motion for recusal is timely as the trial of this case has not yet occurred. The timeliness for filing a recusal motion was addressed by the 7th circuit in *In re. United States, No. 09-2264 (7th Cir. 2009)*. In denying the defendant's argument that the motion was untimely, the 7th circuit stated that "It is well-established in this circuit that a motion for recusal under section 455(a) must be made before trial; after trial, the damage to the public perception of the judicial system has already been done, and the party may not then seek relief because the simple appearance of partiality, is, at most, harmless error**".**

**PLAINTIFF'S MOTION FOR RECUSAL IS MANDATORY UNDER 28 USC § 455**

The primary source of disqualification law in the federal judicial system is 28 USC § 455. Sections (a) and (b) of Section 455 divide the universe of disqualification into two sections. The general, catch-all category of Section 455 (a) requires disqualification from any proceeding in which a judge's "impartiality might reasonably be questioned". Under 455 (b) disqualification is mandatory when a relative of the judge or judge's spouse falls within the third degree of relationship as calculated according to the civil law system. 28 U.S.C.§§455(b) (5),(d)(2) (1988).

### A. JUDGE DUFFIN'S RECUSAL IS REQUIRED UNDER 28 USC 455 (a)

Section 455(a) of the Judicial Code provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which he impartiality might be questioned". 28 U.S. C. § 455 (a). The Supreme Court has explained that " '[t]he goal of section 455(a) is to avoid even the appearance of partiality.' " *Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847, 860 (1988). The 7th Circuit adheres to this law and has required recusal "whenever there is 'a reasonable basis' for a finding of an 'appearance of partiality under the facts and circumstances' of the case. *In re. United States, No. 09-2264 (7th Cir. 2009) quoting PepsiCo, Inc. v. McMillen,* 764 F. 2d 458, 460 (7th Cir. 1985).

Thus, section 455(a) compels disqualification for the mere appearance of impartiality. The fundamental issue to be decided is whether a reasonable, well-informed observer could question the Judge's impartiality. See, e.g., *Hatcher,* 150 F. 3d. at 637. A motion under 455(a) is not whether a Judge is biased. A motion under 455(a) is "directed against the appearance of partiality, whether or not the judge is actually biased". *In re. United States, No. 09-2264 (7th Cir. 2009) Quoting Balistrieri,* 779 F. 2d at 1024.

Judge Duffin's familial relationship to one of plaintiff's mental health providers at the Department of Veterans Affairs creates the appearance of impartiality requiring disqualification under Section 455(a). Judge Duffin's personal family history with Dr. Duffin, an employee of the Department of Veterans Affairs who treated the Plaintiff, would cause even the most uninvolved individual - i.e., "member of the public" - to reasonably doubt Judge Duffin's impartiality to preside over this bench trial. It is difficult to foresee a situation wherein Judge

4

Duffin would be able to set aside all of his personal family history and knowledge of his brother's employment with the Department of Veterans Affairs.

Under the federal tort claims act, jury trials are not allowed and this case will be tried to and decided by a single judge. Evaluating witnesses' qualifications and making determinations regarding testimony and treating opinions is directly within the purview of the trial judge. In a bench trial, the judge's role is even more pivotal than a jury trial. In *Alexander v. Primerica Holdings, Inc.,* 10 F. 3d 155 (3d Cir. 1993), the court of appeals stated, "We cannot overlook the fact that this is a non-jury case, and that [the judge] will be deciding each and every substantive issue at trial. . . . When the judge is the actual trier of fact, the need to preserve the appearance of impartiality is especially pronounced. *Id.* at 163,166.

The judge presiding over this trial will need to accept or decline witness testimony, rule on motions and objections, control the scope of testimony, and compel witnesses to offer responsive and non-evasive answers to questions. These tasks should all be performed by a judge who does not have a personal family history with a witness employed by the Department of Veterans Affairs who treated the plaintiff. Any "reasonable member of the public", knowing all the circumstances related to Judge Duffin and his brother Dr. Duffin, would easily conclude that Judge Duffin's impartiality might reasonably be questioned and should not preside over this trial.

### B. JUDGE DUFFIN'S RECUSAL IS MANDATORY UNDER 28 USC 455 (b)

While Section 455 (a) is permissive, Judge Duffin's recusal from presiding over the trial in this case is mandatory under Section 455(b) and cannot be waived. Recognizing the dangers to impartiality when a family witness testifies, Section 455 (b) (5) (iv) mandates a judge's disqualification when "he, or his spouse, or a person within the third degree of relationship to

either of them, or the spouse of such a person" …"is to the judge's knowledge likely to be a material witness in the proceeding". 28 U.S.C. §§ 455(b) (5), (d) (2) (1988). Because the civil law system traditionally recognizes only blood relationships, the third degree of relationship standard disqualifies on the basis of a judge's or the judge's spouse's parent, grandparent, uncle, aunt, brother, sister, niece, nephew, son or daughter. The American Bar Associations' Code of Judicial Conduct was amended in 1990 to explicitly define the third degree of relationship. It includes the above relatives, (brother) plus great-grandparents and great-grandchildren. American Bar Association, Code of Judicial Conduct, Terminology

Waiver is never acceptable under 455(b) criteria. In this regard, Section 455(e) states "No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated by subsection (b)."

## CONCLUSION

In conclusion, all Parties in this case are entitled to a fair and impartial trial, and that can only be accomplished through an impartial judge meeting the mandates of 28 USC 455.

WHEREFORE, for the foregoing reasons, Plaintiff requests respectfully that the instant Motion be granted and Magistrate Judge Duffin be recused from presiding over the trial and another Judge appointed to preside over the trial.

Respectfully Submitted this 26th day of November 2019.

s/ Mary L. Woehrer<br>
MARY L. WOEHRER J.D.<br>
Wisconsin Bar No. 1019138<br>
Woehrer Law Office<br>
9801 Eschweiler Dr. # 301<br>
Wauwatosa, WI. 53226<br>
Phone: 414 774 2756<br>
mwoehrer@sbcglobal.net