UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBIE JO SCHOLZ,

        Plaintiff,

  v.                              Case No. 16-C-1052

UNITED STATES OF AMERICA,

        Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO RECUSE MAGISTRATE JUDGE DUFFIN

Defendant United States of America by its attorneys Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Susan M. Knepel and Lisa T. Warwick, Assistant United States Attorneys for said district, hereby files this response in opposition to the Plaintiff's Motion to Recuse Magistrate Judge Duffin (Docket Nos. 132,134).

As this case now awaits trial, Plaintiff moves to recuse Magistrate Judge Duffin from presiding over the trial of this case scheduled to commence on March 23, 2019. The reason for the recusal is that Plaintiff states that she intends to call Dr. John Duffin to testify at trial. Plaintiff further states that she "is now required to file this Motion in an abundance of caution to ensure an impartial judge meeting the mandates of federal law will preside over the trial."

The Defendant is highly suspect of this motion coming as it does so late in these proceedings and Defendant is befuddled by the timing of this motion. During the course of discovery in this matter, the Court convened a status conference with the parties on May 17, 2018. The transcript from the status conference identifies that the impetus for the status conference was

that the Court when reviewing various requests to admit propounded by the Plaintiff, learned that Plaintiff was treated for a time by Dr. John Duffin. Docket No. 133 at p. 2-3. The Court noted that neither party had raised any issue that Dr. John Duffin is his brother and neither party had named Dr. Duffin in the Rule 26 disclosures as a likely or potential witness. The Plaintiff noted that Dr. Duffin may be mentioned in her expert psychiatric report if Dr. Duffin had data. The Court replied "[t]hat doesn't create an issue that would warrant me having to recuse myself, so I think I'm comfortable based on what I've heard that I'm going to continue on … and stay on the case. I mean the fact that at some point he had some contact with the plaintiff is not a big deal. It doesn't sound like anybody intends to call him as a witness, certainly not as a material witness, so I don't view that as a conflict that warrants any further discussion." This Court remained as the assigned judge.

After the May 2018 status conference, Plaintiff's only action relative to the discussion about Dr. Duffin, was to provide the Defendant with a supplemental disclosure of witnesses and documents on July 6, 2018. This supplemental disclosure named Dr. John Duffin as an additional witness, but Plaintiff did not take the deposition of Dr. Duffin. At the time of the supplemental disclosures, Plaintiff did not file a motion to recuse Magistrate Judge Duffin.

In her motion filed on November 26, 2019, Plaintiff asserts that Dr. Duffin treated the plaintiff and that his testimony is now necessary to rebut the Defendant's position as to Plaintiff's mental and physical conditions, treatment and diagnosis, employment history, and Defendant's continued refusal to admit facts known by this witness. (Doc. 134-1). Dr. Duffin's proposed testimony as set forth by the Plaintiff is simply and utterly not relevant to the issues to be decided by the trier of fact during the trial.

Since the filing of Plaintiff's supplemental disclosure of witnesses on July 18, 2018, this case has undergone a significant narrowing of the claims before the Court. The only issues before

the Court to be decided after trial are whether the Zablocki VAMC health care providers failed to obtain informed consent at the time of Plaintiff's elective breast reduction surgery performed in January 2012, whether the breast reduction surgery was negligently performed, and whether the health care providers rendered negligent post-operative medical care.

The first issue for the trier of fact is whether the health care providers failed to obtain informed consent from the Plaintiff. The facts of this case support the conclusion that Dr. Duffin cannot provide any relevant testimony at trial on the issue of informed consent. Dr. Duffin provided mental health treatment to the Plaintiff within a very limited span of time -- starting in September 2008 and concluding on or about March 2009. *See* Exhibit A attached hereto. After March 2009, the medical records reflect that the Plaintiff was going to and, in fact, did transfer to a different mental health provider closer to her home. *Id.* There is no dispute between the parties as to this fact and the Defendant admitted this fact in the Defendant's Response to Plaintiff's First Request for Admissions dated January 25, 2018. Docket No. 22-9, p. 4. The breast reduction surgery occurred in January 2012 when the Plaintiff was receiving mental health treatment from other providers. There is no evidence that Dr. Duffin provided any care to the Plaintiff after 2009. Any mental health treatment that the Plaintiff received from 2008 to 2009 is simply irrelevant to the question of whether the Plaintiff was capable of providing informed consent in 2012.

Plaintiff also asserts that she intends to seek testimony from Dr. Duffin regarding her "employment status" and "employment history." Docket Nos. 132, p. 2; 134-1. It appears that Plaintiff is referring to a Progress Note in the medical records dated January 14, 2009, authored by Dr. Duffin and a letter that follows the Progress Note dated January 15, 2009, also authored by Dr. Duffin. *See* Exhibit A attached hereto. Dr. Duffin's proposed testimony about the Plaintiff's employment status in 2009 is similarly in no way relevant to the issues at trial. The progress note

3

and letter were both written in 2009, well before the elective breast reduction surgery. It may be that Plaintiff intends to prove at trial that she is entitled to economic damages stemming from her undergoing her elective breast reduction surgery. Such an argument would be limited to damages incurred after January 2012 and not to Plaintiff's employability in 2009.

Plaintiff also states that she needs the testimony of Dr. Duffin due to "Defendant's continued refusal to admit facts known by this witness." Docket No. 134-1.[1] The Plaintiff propounded to the Defendant two Requests for Admission that pertained to Dr. Duffin. As noted herein, the Defendant admitted one request that set forth the fact of Dr. Duffin's treatment of the Plaintiff and the date upon which the treatment commenced. Docket No. 22-9, p. 4. The only other Request for Admission relating to Dr. Duffin was to "[a]dmit that Dr. Duffin recommended that Plaintiff's employment be delayed because of her strong mistrust of others and panic at the thought of returning to work." *Id.* This admission was based upon the attached Progress Note and the letter contained within the medical record. The content of the letter speaks for itself. It is once again unclear how this fact about employment and Plaintiff's emotional state in 2009 have any relevance to the issues to be tried before the Court. Plaintiff has named an expert, Tom Keuler CPA, who it is anticipated will provide expert testimony about economic damages allegedly sustained by the plaintiff from the time of her breast reduction surgery onward. Docket No. 22-5, p. 1.

Since the time of the May 2018 status hearing, this Court has presided over this case and decided a multitude of motions, including dispositive motions. The facts of Dr. Duffin's treatment of the Plaintiff have remained the same since the time of the status hearing and form the basis for

---

[1] It appears that Plaintiff remains dissatisfied with the Defendant's response to her Request for Admissions. Previously, Plaintiff filed a Motion to Compel during the course of discovery noting her displeasure with the Defendants' responses to select requests for admission and sought this Court's intervention. Docket No. 22. Plaintiff did not include this particular request for admission in her filing with the Court and her Motion to Compel on this issue was denied.

an admission by the Defendant that the Court is bound to accept at trial. Yet it is only now as this case is scheduled for trial that the Plaintiff asserts that "Judge Duffin's familial relationship to one of plaintiff's mental health providers at the Department of Veterans Affairs creates the appearance of impartiality requiring disqualification under Section 455(a)." Plaintiff speculates that "Judge Duffin's personal family history with Dr. Duffin, an employee of the Department of Veterans Affairs who treated the Plaintiff, would cause even the most uninvolved individual – i.e., 'member of the public'- to reasonably doubt Judge Duffin's impartiality to preside over this bench trial." Docket No. 132, p. 4. Plaintiff asserts that it would be "difficult to foresee a situation wherein Judge Duffin would be able to set aside all of his personal family history and knowledge of his brother's employment with the Department of Veterans Affairs." *Id.* But that is exactly what this Court has done throughout this case – set aside all of his personal family history and knowledge of Dr. Duffin's employment with the Department of Veterans Affairs.

One question as posed by the Plaintiff is whether a member of the public, the most uninvolved individual, would reasonably doubt Judge Duffin's impartiality to preside over this bench trial. A member of the public would view this case in its entirety and on that basis determine the impartiality of this Court. A member of the public would see that in the first instance it was the Court who alerted the parties to the fact that Dr. John Duffin is his brother and that the Plaintiff at no time since that May 2018 status conference raised concerns about the impartiality of the Court. The Plaintiff sounded no alarm or concern about impartiality after the Court raised the issue a year and a half ago. A member of the public would certainly conclude that at trial the Court would continue to preside in the same impartial manner, as it has over the last year and half, especially when the testimony being sought from one witness out of many is not relevant and is

5

inconsequential to the issue of informed consent and any other issue to be decided by the trier of fact.

Plaintiff also asserts that recusal is mandatory under section 455(b) where a judge's sibling (along with other relatives) is likely to be a material witness in the proceeding. The question then becomes whether Dr. Duffin is a material witness. Defendant firmly states that Dr. Duffin is not and cannot be a material witness at trial based on the issues to be decided after trial. Plaintiff has set forth no basis to conclude otherwise. Again, at trial this case starts with the question of whether the health care providers obtained informed consent from the Plaintiff at the time of her elective breast reduction surgery in January 2012. Dr. Duffin is unable to provide testimony to aid the trier of fact in deciding that question since Dr. Duffin's last contact with the Plaintiff was in March 2009. Plaintiff has not provided any evidence to the contrary. Since 2009, other employees of the Department of Veterans Affairs along with other mental health providers provided mental health services to the Plaintiff. Dr. Duffin cannot be considered a material witness because none of his interactions with the Plaintiff are relevant to the issues at trial. Dr. Duffin is not a material witness.

Plaintiff asserts that her "experts opine that it was negligent to perform breast surgery on [her] given her mental and physical condition, treatment history, and lack of informed consent." Doc. 134. It is expected that Plaintiff's experts can and will provide testimony to that effect and provide the bases for the opinions they hold. However, Dr. Duffin's proposed testimony is not relevant to the determination of the issues at trial, namely lack of informed consent and certainly not to allegations of negligently performed breast surgery. This Court should deny Plaintiff's request for recusal and keep this case on track for a March 2020 trial.

Dated at Milwaukee, Wisconsin, this 17th day of December, 2019.

            MATTHEW D. KRUEGER
            United States Attorney

      By:  s/Susan M. Knepel

            SUSAN M. KNEPEL
            Assistant United States Attorney
            Wisconsin Bar No. 1016482
            Attorneys for Defendant

            LISA T. WARWICK
            Assistant United States Attorney
            Wisconsin Bar No. 1017754

            Office of the United States Attorney
            Federal Building, Room 530
            517 East Wisconsin Avenue
            Milwaukee, WI 53202
            Telephone: (414) 297-1700
            Fax: (414) 297-4394
            Lisa.warwick@usdoj.gov
            Susan.knepel@usdoj.gov