# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BOBBIE JO SCHOLZ,**

        **Plaintiff,**

        v.                                                                                                   **Case No. 16-CV-1052**

**UNITED STATES OF AMERICA,**

        **Defendant.**

# ORDER

Bobbie Jo Scholz filed this action on August 8, 2016. A year-and-a-half later, on March 6, 2018, Scholz filed a motion to compel. (ECF No. 22.) In reviewing the motion, I found, buried within the 188 pages of records Scholz attached, the following two requests to admit and responses (which, like many of the submitted documents, were of no apparent relevance to the motion to compel):

> **REQUEST# 14:** Admit that on September 10, 2008 Plaintiff began seeing John T. Duffin, a licensed psychologist employed by the Department of Veterans Affairs, for her depression, post traumatic [sic] stress disorder, and prior suicide attempts.
>
> **RESPONSE NO. 14:** Admit.
>
> **REQUEST# 15:** Admit that Dr. Duffin recommended that Plaintiffs employment be delayed because of her strong mistrust of others and panic at the thought of returning to work.

**RESPONSE NO. 15:** Denied.

(ECF No. 22-9 at 4.)

Dr. Duffin is my brother. Cognizant of my obligations under 28 U.S.C. § 455 and the Code of Conduct for United States Judges, *see also Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 750 (7th Cir. 2015), I held a telephonic hearing with the parties. (ECF No. 32.) I advised the parties that Dr. Duffin was my brother and inquired whether he would be a witness in the matter. (ECF No. 32.) The parties stated that neither had identified Dr. Duffin as an "individual likely to have discoverable information" under Rule 26(a)(1)(A) and confirmed they did not expect him to testify. (ECF No. 32.) The parties having raised no concern, and I having been assured that Dr. Duffin would not be a witness, I concluded that recusal was unnecessary. (ECF No. 32.)

Soon thereafter, I concluded that the plaintiff had waited too long to amend her complaint and had no good reason for doing so. *Scholz v. United States*, No. 16-CV-1052, 2018 U.S. Dist. LEXIS 228239, at *13 (E.D. Wis. June 1, 2018). The result was that Scholz's damages were limited to $2.5 million rather than the $4 million she sought. A week later, I resolved the plaintiffs' motion to compel. Concluding that the requests were, in part, "expansive," "hopelessly overbroad," and "inappropriate," I denied the motion in its entirety. *Scholz v. United States*, No. 16-CV-1052, 2018 U.S. Dist. LEXIS 95599, at *17 (E.D. Wis. June 7, 2018).

About a month later, unbeknownst to me, plaintiff's counsel named Dr. Duffin as a possible witness. (ECF No. 134-2 at 4.) This disclosure came well over a year after the deadline for naming such witnesses. (ECF No. 18 at 1.) Despite my prior disclosure that Dr. Duffin was my brother and my need to recuse myself if he was likely to be a material witness, plaintiff's counsel did not inform me that she now thought he might be a witness, nor did she ask me to revisit my decision not to not recuse myself. As a result, I proceeded under the presumption that the matter was resolved.

The case proceeded to summary judgment and motions regarding expert witnesses. This phase did not go well for the plaintiff, largely because of errors made by her attorney. I prohibited a witness the plaintiff proffered as an expert from testifying as an expert because she failed to provide a report as required by Rule 26(a)(2)(B). *Scholz v. United States*, No. 16-CV-1052, 2019 U.S. Dist. LEXIS 90245, at *5 (E.D. Wis. May 30, 2019). I struck declarations from the plaintiff's experts because they offered new untimely opinions. *Scholz v. United States*, No. 16-CV-1052, 2019 U.S. Dist. LEXIS 90245, at *22 (E.D. Wis. May 30, 2019). I rejected the plaintiff's attempts to strike the testimony of the United States' two experts. *Scholz v. United States*, No. 16-CV-1052, 2019 U.S. Dist. LEXIS 90245, at *22-*34 (E.D. Wis. May 30, 2019). I rejected the plaintiff's request for summary judgment as to a claim that "she 'was deprived of her basic right to informed consent for her mental health treatment.'" *Scholz v. United States*, No. 16-CV-1052, 2019 U.S. Dist. LEXIS 90245, at *51 (E.D. Wis. May 30, 2019) (quoting (ECF No. 68 at 7).) In so

ruling, I noted, "Scholz is not entitled to summary judgment on such a claim for many reasons, including, not insignificantly, the fact that no such claim is included in her complaint[.]" Because the claim was not included in her administrative claim, it was too late to add it. *Id*.

Perhaps most significantly, I granted the United States' motion for summary judgment "with respect to Scholz's claims involving inappropriate treatment and outpatient medications from the Tomah VAMC." *Scholz v. United States*, No. 16-CV-1052, 2019 U.S. Dist. LEXIS 90245, at *50 (E.D. Wis. May 30, 2019) (quoting ECF No. 58 at 1)). Although Scholz had retained her attorney long before the deadline for filing a lawsuit regarding this claim, Scholz failed to timely file this action. And in response to the United States' motion for summary judgment, although arguing that the action was timely under the doctrine of continuous negligent treatment, Scholz failed to present evidence to support this argument.

I issued this decision on May 30, 2019. (ECF No. 116.) On June 5, 2019, I held a telephonic conference with the parties. The parties requested that I refer the case to another magistrate judge for mediation. (ECF No. 117.) I did so. (ECF No. 118.) At no point did plaintiff's counsel inform me that she would be calling my brother as a witness or ask that I revisit the recusal issue.

On June 10, 2019, Scholz moved for reconsideration of my summary judgment decision. (ECF No. 119.) On June 14, 2019, I denied the motion, finding the arguments

waived, undeveloped, or meritless. (ECF No. 120.) Again, never did plaintiff's counsel indicate that she would be calling my brother as a witness.

After an initial round of mediation with Magistrate Judge David Jones did not resolve this case, I held another conference on October 10, 2019, to discuss further proceedings. (ECF No. 125.) Judge Jones having by then left the bench, the parties requested that I refer the case to another magistrate judge for further mediation. I agreed to do so, but I also set a date of February 19, 2020, for the submission of a joint final pretrial report and scheduled a trial to begin on March 23, 2020. (ECF No. 127.) Again, at no point in these discussions did plaintiff's counsel indicate that she would be calling my brother as a witness at trial.

The matter then proceeded through a second round of unsuccessful mediation. Only then—six months after my summary judgment decision; a year-and-a-half since I disclosed my relationship to Dr. Duffin; three years and three months from when she filed this action; four years and eight months from when she filed the second administrative claim; and well over *six years* from when she filed the initial administrative claim—did plaintiff's counsel purportedly finally recognize that my brother was essential to her client's case.

Against this backdrop it is impossible to not suspect that the present motion and the plaintiff's stated intent to call Dr. Duffin as a witness is simply a disingenuous and desperate attempt to have a new judge decide the case that, thus far, is not going as well

as plaintiff had hoped. Although Dr. Duffin provided mental health care to Scholz, I dismissed Scholz's claims regarding her mental health care as untimely. Nonetheless, after I dismissed these claims, plaintiff's counsel, for the first time, allegedly recognized that Dr. Duffin's testimony was now necessary to prove her client's remaining claim regarding breast augmentation surgery. Underscoring this implausibility is the fact that Dr. Duffin provided care to Scholz during a roughly seven-month period in late 2008 and early 2009. (ECF Nos. 135-1; 136-1.) Since that time, Scholz received mental health care from others. Scholz's breast augmentation surgery was roughly *three years* later. Scholz's attempt to explain how Dr. Duffin's testimony is relevant (ECF No. 136 at 3-6) is strained.

I find no basis to recuse myself under 28 U.S.C. § 455(a), which requires recusal when my "impartiality might reasonably be questioned." "To win recusal under § 455(a), a party must show a reasonable, well-informed observer might question the judge's impartiality. In other words, the party must show an objective, disinterested observer fully informed of the reasons for seeking recusal would 'entertain a significant doubt that justice would be done in the case.'" *United States v. Simon*, 937 F.3d 820, 826 (7th Cir. 2019) (quoting *United States v. Herrera-Valdez*, 826 F.3d 912, 917 (7th Cir. 2016)). Stated another way, "The question is whether a reasonable person could perceive 'a significant risk that the judge will resolve the case on a basis other than the merits.'" *Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 751 (7th Cir. 2015) (quoting

*In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998)). "Recusal decisions under § 455(a) must be judged on their unique facts and circumstances." *United States v. Swallers*, 897 F.3d 875, 878 (7th Cir. 2018).

Upon learning through a review of documents submitted by the parties that Dr. Duffin at some point in the distant past had seen Scholz, I immediately disclosed my relationship to Dr. Duffin and discussed the matter with the parties. It was not until 18 months later, after multiple conferences and following my decisions on a number of motions, including for summary judgment, that the plaintiff for the first time sought my recusal. I have no reason to conclude that the quality of the care provided by my brother is at issue in this case. As even Scholz explains, Dr. Duffin's purported relevance is solely to provide background as to Scholz's mental condition.

To put it mildly, I have strong reason to doubt the good faith of the present motion. I am suspicious that it is simply a function of the plaintiff's unhappiness with how the case is going so far. Nonetheless, plaintiff's counsel insists that Dr. Duffin is a witness necessary to her client's case who will testify at trial. Faced with this, my hands are tied and my obligation clear; 28 U.S.C. § 455(b)(5)(iv) requires me to recuse myself.

Of course, my recusal is required only if Dr. Duffin is "likely to be a material witness." 28 U.S.C. § 455(b)(5)(iv). As noted, there is strong reason to doubt that Dr. Duffin's testimony would be relevant, in which case it might be appropriate for the court to exclude Dr. Duffin from testifying, thereby negating the need for my recusal.

However, given my relationship to Dr. Duffin, I find it inappropriate to undertake that inquiry myself. But the judge to whom this case is reassigned might choose, either sua sponte or on a motion of the United States, to assess the relevance of Dr. Duffin's proposed testimony. And if that judge were to conclude that Dr. Duffin would not have relevant testimony to offer (and thus will not testify at trial), he or she may choose to return the case to me for trial.

**IT IS THEREFORE ORDERED** that the plaintiff's motion (ECF No. 132) is granted. I hereby recuse myself pursuant to 28 U.S.C. § 455(b)(5)(iv). The Clerk shall randomly assign this matter to a new judge.

Dated at Milwaukee, Wisconsin this 15th day of January, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge