UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

BOBBIE JO SCHOLZ,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

No. 16-cv-1052

Judge Michael Y. Scudder

### ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF DR. JOHN DUFFIN
### [ECF NO. 139]

Defendant United States' motion to preclude the testimony of Dr. John Duffin [ECF 139] is granted.

### STATEMENT

The prior filings establish that Dr. John Duffin provided psychiatric treatment to the plaintiff Bobbi Jo Scholz between September 2008 and March 2009. The only remaining claims in the case relate to events that took place on and after January 6, 2012: whether the Zablocki VAMC health care providers failed to obtain Scholz's informed consent at the time of her elective breast reduction surgery, whether the breast reduction surgery was negligently performed, and whether the VA health care providers rendered negligent post-operative medical care.

After spending over a year and a half with the case, Magistrate Judge William Duffin learned from his own review of discovery-related filings that his brother, Dr. John Duffin, provided psychiatric treatment to the plaintiff. Judge Duffin held a telephonic hearing with the parties on May 17, 2018 to address the issue. [ECF 32.] Both parties represented that they had not identified Dr. Duffin as an "individual likely to have discoverable information" under Federal Rule of Civil Procedure 26(a)(1)(A) and did not expect him to call him as a witness. Neither party voiced any concern about Judge Duffin's relationship to Dr. Duffin or, more generally, about Judge Duffin continuing to preside over this case.

Another year and a half passed before the plaintiff told Judge Duffin that she now planned to call Dr. Duffin as a witness at trial. Judge Duffin reacted with well-founded frustration, as plaintiff's counsel provided no good reason for why this

intention (or at least prospect) was not conveyed in May 2018. Regardless, Judge Duffin responsibly determined that the new circumstances warranted his recusal and the assignment of a new judge to the case. [ECF 137.] For its part, the government reacted to these developments by filing the present motion to preclude the testimony of Dr. John Duffin at the upcoming trial.

The court grants the government's motion. First, the plaintiff has waived her ability to call Dr. John Duffin as a witness. The waiver is especially apparent because the plaintiff's counsel affirmatively represented to the court that Dr. Duffin would not be called as a witness. [ECF 134-4.] Her argument that Dr. Duffin's testimony is suddenly relevant cannot be credited, as "[t]he principle of waiver is designed to prohibit this very type of gamesmanship." *Lott v. Levitt*, 566 F.3d 564, 568 (7th Cir. 2009).

Even if the plaintiff had not affirmatively waived her ability to call Dr. Duffin as a witness, the court would exclude his testimony because any probative value is low and outweighed by other interests. See FED. R. EVID. 403. It is within the court's discretion to refuse evidence when its "contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion . . . that a long trial creates." *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996). Plaintiff's counsel even admitted in the May 17, 2018 telephonic hearing that Dr. Duffin "saw [Scholz] pretty early in her treatment" and "[g]iven the number of treatment providers that were given here, [she did not] see [him] as an important factor." [ECF 134-4 at 3.]

Dr. Duffin's testimony is even less relevant in the wake of the prior order granting the government's motion for summary judgment "with respect to Scholz's claims involving inappropriate treatment and outpatient medications from the Tomah VAMC," which occurred prior to Scholz's breast reduction surgery. *Scholz v. United States*, No. 16-CV-1052, 2019 U.S. Dist. LEXIS 30245, at *50 (E.D. Wis. May 30, 2019). The remaining claims relate only to events that occurred on or after January 6, 2012. The passage of time from Scholz's last contact with Dr. Duffin in March 2009 is substantial and of consequence. Though some testimony about Scholz's pre-surgery medical history may be relevant to her remaining claims, several other mental-health providers treated the plaintiff closer in time to the January 2012 surgery and are positioned to provide that background.

For all of these reasons, the court grants the government's motion to preclude the testimony of Dr. John Duffin. The court declines, however, the request to return this case to Judge Duffin.

The court directs the parties to include in their forthcoming Final Pretrial Report an update on the status of settlement discussions. The Final Pretrial

Conference remains scheduled for March 9, 2020 at 10:00 a.m., and the trial remains scheduled to begin on March 23, 2020.

ENTERED:

Date: February 14, 2020

_____
Michael Y. Scudder
Judge, United States Court of Appeals
for the Seventh Judicial Circuit