UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBIE JO SCHOLZ,

        Plaintiff,

    v.

        Case No. 16-cv-1052-MYS

UNITED STATES OF AMERICA,

        Defendant.

**ORDER**

Plaintiff filed her Rule 7(h) Motion to Seal Trial Exhibits on May 31, 2021 (Dkt. 202), requesting that this court seal certain trial exhibits including photographs and medical records admitted as evidence in the bench trial conducted in March 2021. This court issued an order on June 2, 2021 instructing the government to inform the court of any objection to the motion. (Dkt. 203). The government filed its timely response on June 3, 2021 making two objections known to the court. (Dkt. 204).

The government first objected to "sealing" any trial exhibits but did not contest "restricting" access to the portions of Trial Exhibits 39, 134, 167 and 1116–1125 that are not already in the public record. (Dkt. 204 at 2). The government objects to restricting access to the portions of these trial exhibits that are already in the public record as part of docket entry 70-5 or attached to the Complaint at docket entry 1-1. Specifically, the government objects to sealing or restricting access to: "Exhibit 39 (deposition exhibit 25 and pages 1,

1

2, 4, 5, 6 of deposition exhibit 44), Exhibit 61 (pages 1 and 2), Exhibit 134 (pages 2 and 3), Exhibit 167 (pages 1, 2, 3, 5, 6, 7 of deposition exhibit 8)." (Dkt. 204 at 3).

The government also objects to sealing or restricting access to the plaintiff's medical records contained in Exhibits 146–48 and 150–57. (Dkt. 204 at 3). The government bases its objection on the fact that the plaintiff has waived her privacy interest in these records by putting them at issue in a medical malpractice case, and she has failed to demonstrate good cause as to why these documents should be sealed. (Dkt. 204 at 3–4).

The government's objection on this point is well taken and has footing in Seventh Circuit case law. A party seeking to seal exhibits must demonstrate good cause for doing so. See *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). This good cause standard applies even to personal medical records, including where, as here a plaintiff introduces those records as evidence in a medical malpractice case. See, *e.g.*, *Westedt v. Franklin*, No. 15-CV-129, 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Chapman v. Raemisch*, No. 05-C-1254, 2009 WL 425813, at *7 (E.D. Wis. Feb. 20, 2009).

Keeping this framework in mind, the court instructs the plaintiff to file a reply to the government's objection by the close of business on Friday June 11, 2021. This reply must be no more than 10 pages and must show why there is good cause to seal or restrict the proposed exhibits. Because the public has its own interest in the proceedings that take place in the federal courts, an

agreement between the parties that certain exhibits be restricted is not sufficient to enable this court to seal or restrict public access to trial exhibits. *Citizens First Nat'l Bank of Princeton*, 178 F.3d 943, 945 (7th Cir. 1999) ("The determination of good cause cannot be elided by allowing the parties to seal whatever they want[.]"). Instead, in order to meet this good cause standard, the plaintiff must demonstrate that "the plaintiff's interest in privacy outweighs the probative value of the information contained in the records." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006).

We emphasize that mere assertions of a vague or general privacy interest will not suffice. See *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 547 (7th Cir. 2002) (requiring that the parties requesting to seal parts of the appellate record provide more than "asserti[ons] that the document must be kept confidential because we say so"). Rather, the plaintiff must identify the specific privacy interest at stake and explain to this court why that reason outweighs the public interest in transparency. See *id.* It will not be enough for the plaintiff to observe generally that this is a medical malpractice case implicating sensitive and personal information.

Finally, the government is also correct to call our attention to the difference between how the terms "seal" and "restrict" are used in the Eastern District of Wisconsin. Because sealing the documents would prevent the attorneys of record from viewing these exhibits, if this court—upon review of plaintiff's reply—determines that the plaintiff's privacy interest in any

documents outweighs the public interest in access, it will order such documents restricted to the attorneys of record.

Dated in Chicago, Illinois this 8th day of June, 2021.

**BY THE COURT:**

**HON. MICHAEL Y. SCUDDER**
**Appellate Judge**