UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBIE JO SCHOLZ,

        Plaintiff,

                                            Case No. 16-cv-1052-MYS

   v.

UNITED STATES OF AMERICA,

        Defendant.

## ORDER

    Plaintiff filed her Rule 7(h) Motion to Seal Trial Exhibits on May 31, 2021 (Dkt. 202), requesting that this court seal certain trial exhibits including photographs and medical records admitted as evidence in the bench trial conducted in March 2021. After receiving the government's June 3, 2021 objections to this motion (Dkt. 204) and reviewing the plaintiff's June 11, 2021 reply (Dkt. 206), the Court GRANTS in part and DENIES in part the plaintiff's motion.

    As explained in this court's June 8, 2021 order (Dkt. 205), a party seeking to seal exhibits must demonstrate good cause for doing so. See *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

    The plaintiff has met this good cause standard for some of the filings at issue by demonstrating that she possesses significant privacy interests in the photographs contained in the following trial exhibits: Exhibit 39-deposition

1

exhibits numbers 24, 25 and 44; Exhibit 61; Exhibit 134; Exhibit 167-deposition exhibits numbers 8 and 9;  and Defense Exhibits 1116–1125. As Plaintiff points out in her reply, these exhibits contain graphic photos of a sensitive and very private nature. The photos contain identifying information, with some including the plaintiff's face and other identifying characteristics. Restricting access to these photos to only the parties of record strikes a proper balance between protecting Scholz's privacy interests and allowing the government to effectively submit its post-trial filings.

Plaintiff has not made a similar showing that her privacy interests in the medical records contained in Exhibits 146–148 and 150–157 outweigh the presumption in favor of public access to trial materials. In fact, plaintiff's submission to this court does not address any privacy interests implicated by these specific exhibits. Instead, her reply brief asserts that redacting these medical records would be too burdensome and then seeks permission from the court to "give the Clerk of Court the unredacted copies of all her private records in the disc format used at trial." (Dkt. 206 at 5).

But Plaintiff does not need the court's permission to file unredacted copies of her own identifying information. See FED. R. CIV. P. 5.2(h) ("A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal.). And while the Court will allow the plaintiff to file redacted versions of her trial exhibits, it is not the court's burden to redact filings made by the parties. See FED. R. CIV. P. 5.2(a) (instructing the "party or nonparty making the filing" to remove personally

identifying information). Nor does a party's desire to avoid its own responsibility to redact information demonstrate "good cause" for sealing or restricting documents that should otherwise be publicly accessible. See *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (good cause exists when "the plaintiff's interest in privacy outweighs the probative value of the information contained in the records").

Having found that good cause exists to restrict the photographs introduced at trial, the Court GRANTS plaintiff's motion to restrict access to Exhibit 39-deposition exhibits numbers 24, 25 and 44; Exhibit 61; Exhibit 134; Exhibit 167-deposition exhibits numbers 8 and 9; and Defense Exhibits 1116–1125.

Having found that the plaintiff has failed to demonstrate good cause for restricting access to her own medical records introduced at trial, the Court DENIES plaintiff's motion to restrict access to Exhibits 146–148 and 150–157. The Court will, however, allow the plaintiff to submit appropriately redacted versions of these documents if she so chooses.

Dated in Chicago, Illinois this 16th day of June, 2021.

BY THE COURT:

_____
**HON. MICHAEL Y. SCUDDER**
**Appellate Judge**