UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBIE JO SCHOLZ,

        Plaintiff,

   v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 16-cv-1052-MYS

**ORDER**

Following a bench trial that resulted in a favorable but narrow liability determination and a $200,000 damages award, plaintiff Bobbie Jo Scholz filed a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d) seeking $25,169.39. Bill of Costs, ECF No. 215. Scholz seeks reimbursement for various routine filing and service fees; transcript fees; more than $8,000 in costs associated with conducting the bench trial over video conference; certified medical records; postage; and more than $1,500 for travel expenses to San Diego for an expert medical examination. The government objects to any cost award but contends that, if the Court decides otherwise, Scholz should receive no more than $7,711.37. Because the Court concludes that Scholz is not a prevailing party under Federal Rule of Civil Procedure 54(d)(1), each party should bear its own costs. But the Court would reach the same conclusion even if Scholz did qualify as a prevailing party. Either way, Scholz's application for costs is denied.

1

**A.**

Rule 54(d) instructs that "costs—other than attorney's fees—should be allowed to the prevailing party," though "costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 2412(a)(1) specifically permits "a judgment for costs, as enumerated in section 1920 of this title" to be awarded to "the prevailing party in any civil action brought by or against the United States." 28 U.S.C. § 1920, in turn, permits the taxation as costs of various litigation expenses: fees of the clerk and marshal; fees for printed or electronically recorded transcripts "necessarily obtained" for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies; docket fees; and compensation of court appointed experts, interpreters, and other special interpretation services. 28 U.S.C. § 1920(1)-(6).

A litigant qualifies as a "prevailing party" if she succeeds in a "substantial part of the litigation"—a threshold that may be reached "even when the party does not prevail on every claim" in a complaint. *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017); see also WRIGHT & MILLER, 10 FED. PRAC. & PROC. CIV. § 2667 (4th ed.) ("A party who is only partially successful can also be deemed a prevailing party."). A litigant that has prevailed within the meaning of Rule 54(d) is presumptively entitled to recover authorized costs, subject to the party's adequate showing that the requested costs were necessarily incurred and reasonable in amount. See *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019); *Trustees of Chicago Plastering Inst. Pension Tr. v. Cork*

*Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). "This presumption 'is difficult to overcome'" and "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Richardson*, 926 F.3d at 893 (citation omitted).

The United States urges that Scholz is not a "prevailing party" within the meaning of Rule 54(d)(1) because she had "limited success on only a 'narrow portion'" of the "wide variety of theories that [she] attempted to advance in this trial." Def.'s Objs. to Pl.'s Bill of Costs at 2, ECF No. 217. The government also emphasizes that Scholz "obtained only approximately 5% of the damages she claimed in this case based on her administrative claims, which together totaled $4 million." *Id.* In response, Scholz notes that "[t]he Court awarded [her] $200,000" and cites a Tenth Circuit case to support the proposition that "[a] party in whose favor a judgment is entered is the prevailing party," even if only a portion of the complaint is sustained. Pl.'s Reply in Support of Costs at 2, ECF No. 218 (citing *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990) (internal quotations omitted)).

**B.**

In the order reporting the trial verdict, the Court recognized that Scholz prevailed in establishing liability in one aspect of one particular claim and invited the submission of a Bill of Costs. See Findings of Fact & Conclusions of Law at 65, ECF No. 214. With the benefit of the parties' briefing, however, the Court now concludes that Scholz is not entitled to costs because she did not prevail on anything close to a substantial part of her case.

3

The litigation of Scholz's claims spanned five years, and, as the government observes, involved more claims than just those litigated at trial. In May 2019, Magistrate Judge Duffin granted the government's motion for partial summary judgment "with respect to Scholz's claims involving inappropriate treatment and outpatient medications from the Tomah VAMC." Decision & Order at 41, ECF No. 116. Scholz's administrative claim against the Tomah VAMC accounted for the bulk of her damages request ($2.5 million out of $4 million total); alleged negligence beginning on or about January 1, 2011 and continuing throughout years of Scholz's mental health treatment; and encompassed care delivered by at least five different providers at the Tomah VAMC. See, e.g., Br. in Support of Def.'s Mot. for Partial Summ. J. at 2, 4, ECF No. 58. Judge Duffin not only concluded that Scholz's claims against the Tomah VAMC were untimely, but also observed that because the claims "related primarily to inpatient care she received in 2011," "concern regarding the timeliness of her claim should have been immediately apparent" to the attorney Scholz had retained by early 2015. Decision & Order at 41. Instead, Scholz litigated those claims for nearly three years.

And though the Court awarded Scholz $200,000 in damages after a bench trial on her informed consent and medical malpractice claims, her victory was a narrow one. In its order reporting and explaining the trial verdict, the Court explained that it "largely rule[d] in favor of the government" and entered judgment against the United States on only "a narrow portion of [Scholz's] medical malpractice claim." *Id.* at 2-3. And it emphasized that Scholz's "scattered

4

'kitchen sink'" approach to her trial presentation "resulted in an evidentiary shortfall regarding meaningful aspects of Scholz's claim." *Id.* at 3. Even the question of whether damages were appropriate for the narrow issue she prevailed on was a "close" issue: the Court underscored that "the limited pain and suffering evidence developed by plaintiff's counsel at trial severely limits the way in which damages may be assessed." *Id.* at 61-62.

Against this backdrop, the Court has determined that Scholz is not entitled to costs. Generously construed, Scholz prevailed on one out of four claims she alleged against the VA and recovered only a tiny fraction of the damages she initially sought. That does not amount to success on a substantial part of the litigation. And even if the Court's limited liability determination were enough to make Scholz a "prevailing party" within the meaning of Rule 54(d), the Court concludes that it would not be fair or reasonable to reimburse Scholz for costs arising from more than five years of litigation.

It is therefore the Court's considered judgment that the parties bear their own costs. See, e.g., *Baker*, 856 F.3d at 502 (concluding district court did not err in denying costs to plaintiff that "prevailed on two of the six claims that he asserted, recovering a total of $30,000"—an award described as "more than nominal, but certainly not substantial"); *Testa v. Vill. of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (affirming that it was within the district court's discretion to order each party to bear its own costs in light of the "mixed outcome" of the plaintiff's claims); *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999) (emphasizing courts' "broad discretion to award or deny costs in mixed

result cases . . . including cases in which liability was established but recovery was nominal relative to what was sought").

Dated in Chicago, Illinois this 14th day of December, 2021.

**BY THE COURT:**

*[signature]*

_____
**HON. MICHAEL Y. SCUDDER**
**Appellate Judge**